IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DONNA M. CONNER                       :

    Plaintiff                             :

v                                     :          Civil Action No. DKC-06-860

COMMONWEALTH OF VIRGINIA,             :
YORK COUNTY, VIRGINIA

    Defendant                             :

o0o
**<u>MEMORANDUM</u>**

    The above-captioned complaint for employment discrimination was filed April 3, 2006, together with a Motion to Proceed In Forma Pauperis. Plaintiff's motion will be granted despite her failure to sign the affidavit in support of the motion. Plaintiff asserts that she has been denied due process by the state of Virginia when her claim for employment discrimination against the York County, Viriginia Head Start Program was not properly processed.[1] Paper No. 1. To the extent that Plaintiff has a cognizable claim to raise that is not barred by *res judicata*,[2] this court is not the proper venue for such a claim.

    Under 28 U.S.C. § 1391(a), "a civil action wherein jurisdiction is founded only on diversity of citizenship may . . . be brought only in (1)a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that

---

[1] The complaint contains numerous allegations including claims that Plaintiff was stalked; a manuscript she wrote was stolen and her privacy was invaded.

[2] Plaintiff references previous litigation regarding her claim of employment discrimination and it appears that a similar complaint was filed and litigated in the United States District Court for the Eastern District of Virginia. *See Conner v. Lions Gate Entertainment Corp.*, No. 4:04-cv-00117-HCM-JEB (E.D. Va. 2004). In that case judgment was entered in favor of Defendants, an appeal was filed with the Fourth Circuit Court of Appeals, and the judgment was affirmed on January 25, 2006. *Id.*

is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought."

Plaintiff has failed to establish jurisdiction based on diversity of citizenship.  In the event Plaintiff is seeking to assert a claim based on a federal question, this court is still not the proper venue.  Under 28 U.S.C. § 1391(b), a civil action that is not founded on diversity of citizenship may be brought only in the judicial district where any of the defendants reside, if all defendants reside in the same State or a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, except as otherwise provided by law.

Plaintiff's lawsuit is in no way linked to events occurring in Maryland or those residing there.  The proper venue for Plaintiff's complaint is Virginia.

A separate Order dismissing the complaint without prejudice follows.


____4/20/06____                          _____/s/_____
Date                                     DEBORAH K. CHASANOW
                                         United States District Judge